# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE DEANGELO, | ) |
| Plaintiff, | ) 2:13-cv-407 |
| v. | ) |
| DAN STRIMEL *in his individual capacity*, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 17) filed by Defendant Dan Strimel, in his individual capacity, with a brief in support (ECF No 18). Plaintiff Dale DeAngelo filed a response (ECF No. 22) and a brief (ECF No. 23) in opposition. Accordingly, the motion is ripe for disposition.

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at length. *See* Mem. Op., ECF No. 12. The following is a brief recitation of the procedural history relevant to the issues before the Court.

Plaintiff commenced this action on March 19, 2013 by filing a one-count Complaint against Strimel, in his individual and official capacity as Chief of Police of North Strabane Township, and against North Strabane Township (collectively, "Defendants"), in which he alleged municipal liability as well as violations of his Second Amendment and Fourth Amendment rights and the corresponding provisions set forth in Article I, §§ 8 and 21 of the Pennsylvania Constitution. In response, Defendants filed a Rule 12(b)(6) motion to dismiss.[1]

---

1. Plaintiff couched the five alleged constitutional violations under the umbrella of a single count and asserted them en masse against both named Defendants. Defendants' motion to dismiss fared no better: they cited no legal authority other than non-binding cases in their boilerplate standard of review, injected facts from beyond the Complaint, and did not actually address the relief sought.

By Memorandum Opinion on October 29, 2013, the Court granted in part and denied in part the motion to dismiss. *See* Mem. Op., ECF No. 12. The Court ultimately (1) granted the motion to dismiss (a) all claims alleging violations of the Fourth Amendment and its state-level analog; (b) the official capacity claims against Strimel; and (c) the *Monnell* claim against North Strabane; (2) denied the motion to dismiss the individual capacity claims arising under the Second Amendment and the Pennsylvania Constitution; and (3) permitted Plaintiff to file a curative amendment.[2]

Plaintiff filed a First Amended Complaint on December 9, 2013 in which he alleges that Strimel violated his rights secured by the Second Amendment to the United States Constitution and Article I, § 21 of the Pennsylvania Constitution. Count One of the First Amended Complaint is brought against Strimel only in his individual capacity.

Strimel filed another Rule 12(b)(6) motion to dismiss on December 23, 2013, which Plaintiff opposes. The gravamen of the motion is that Strimel—the Chief of Police of North Strabane Township—is not a state actor because Plaintiff has brought this § 1983 suit against him only in his individual capacity. Moreover, Strimel submits that "[n]owhere does the Complaint state how the Plaintiff was deprived/violated of his constitutionally protected rights when the Defendant was an individual, and not acting under color of law." See Mot. to Dismiss, ECF No. 17 at 3. This contention is unavailing.

The Supreme Court of the United States has held that a government official may be held personally liable for damages under § 1983 if it is shown that the "'official, acting under color of state law, caused the deprivation of a federal right.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "Thus, it does not follow that simply

---

2. The Court incorporates by reference the standard of review applicable to Rule 12(b)(6) motions set forth in its October 29, 2013 Memorandum Opinion.

because an action is brought against a government official in his or her individual capacity that state action is automatically absent." *Dominic J. v. Wyoming Valley W. High Sch.*, 362 F. Supp. 2d 560, 566 (M.D. Pa. 2005).

Here, Plaintiff avers that his constitutionally protected right to "keep and bear Arms" was violated when Strimel, acting as the Chief of Police, threatened arrest and criminal prosecution if Plaintiff lawfully discharged his firearms on his private property. The individual-capacity nature of this action does not by itself immunize Strimel from liability. Of course, Strimel may raise the defense of qualified immunity, which he has yet to plead.[3] *See generally Pearson v. Callahan*, 555 U.S. 223 (2009). Accordingly, Strimel's attempt to dismiss this action is without merit at this juncture, and therefore, the motion to dismiss (ECF No. 17) is **DENIED**. Strimel shall file a responsive pleading on or before April 30, 2014.

**SO ORDERED**, this 10th day of April, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: Joseph C. Francis, Esquire
Email: attyjcfrancis@gmail.com

James R. Jeffries, Esquire
Email: jimmylaw_2002@yahoo.com

---

3. Plaintiff reads Strimel's brief as asserting a qualified immunity defense. The Court does not, however, consider a single conclusory sentence devoid of any legal authority or analysis and which does not actually raise the defense as sufficient to meet his burden to establish qualified immunity. *See* Def.'s Br. in Support, ECF No. 18 at 4.